## OSBORNE v. BROOKS, County Judge.
### No. 9662.

Court of Civil Appeals of Texas. San Antonio.

Nov. 8, 1934.

See, also, 75 S.W.(2d) 265.

Robt. R. Mullen, Jr., of Alice, and Goodhue Weatherly, of Falfurrias, for relator.

J. W. Wilson, of Falfurrias, for respondent.

BICKETT, Chief Justice.

This is an original mandamus proceeding, filed in this court by William Osborne, relator, against Hon. J. A. Brooks, county judge of Brooks county, respondent, seeking a writ to compel the respondent to proceed speedily with the trial of a case alleged to be pending in the county court of Brooks county. The controlling question is whether there is such a case, as claimed, pending.

The case is before this court upon an uncontroverted affidavit and an agreed statement of facts. J. H. Ballard, sheriff of Brooks county, filed a complaint before a justice of the peace on May 20, 1934, charging relator with the murder of J. M. Brink on or about May 18, 1934, and on the same date arrested relator on a warrant issued by the justice of the peace. The justice of the peace, thereafter, upon an examining trial, ordered relator held without bond to await the action of the grand jury at the next term of the district court. On July 30, 1934, Hon. Birge Holt, district judge of Nueces county, granted an application for writ of habeas corpus, and ordered the petitioner (relator here) remanded to the custody of the sheriff of Brooks county to be proceeded against as a delinquent juvenile. On the same date, Hon. J. M. Wilson, county attorney of Brooks county, duly filed an information, based upon complaint, against relator, charging him with having unlawfully carried a pistol on or about his person on or about May 20, 1934, and with being, therefore, a delinquent child, as defined by law. That case was duly docketed as No. 371, State of Texas v. William Osborne, in the county court of Brooks county. A warrant was issued, and relator, already in custody, was arrested under it. On August 2, 1934, the case No. 371 proceeded to trial, and, on the following day, resulted in a conviction with the punishment fixed at confinement in the state institution for delinquent juveniles for an indeterminate period not to extend beyond the time when relator should become twenty-one years of age. On the afternoon of the first day of the trial, relator's attorneys handed to the clerk a paper, requesting that it be filed. The clerk, ignorant of the contents of the instrument and supposing it to relate to the case on trial, placed his file mark on it. Shortly afterward, the clerk, on inquiry by one of relator's attorneys, stated that he believed the next case to be filed would be numbered 372 on the docket. The attorney then wrote "No. 372" on the paper without the knowledge or authority of the court, the clerk, or the county attorney. Thereupon relator's attorneys presented to the court the paper bearing the number 372 and a motion requesting the court to consolidate "these two causes," Nos. 371 and 372. The paper, filed and numbered in the manner

explained, was then for the first time revealed. It was in the form of a complaint, signed and sworn to by the father of relator, charging relator with the murder of J. M. Brink. The court immediately took evidence concerning the circumstances of the filing of this complaint. There was no information filed by the county attorney charging relator with murder; nor was there ever, even up to the present time, any such case entered upon the docket of the county court. No warrant of arrest has been issued or served in connection with the so-called complaint. The docket shows a case, "No. 372, State of Texas v. Alejos de la Garza." The court promptly overruled the motion. Relator will be seventeen years old on January 26, 1935. The efforts to have relator tried for murder at this time are, as candidly stated by his attorneys, inspired by the hope that, if he is convicted for that act, he may receive only the penalty of a juvenile, which is imprisonment for a term not extending beyond the time when he becomes twenty-one years of age, rather than the penalty of one above seventeen years of age, which may be imprisonment for a term of any number of years.

Article 1083, Code of Criminal Procedure of Texas (1925), defines the term "delinquent child," so far as applicable to this case, as "any boy under seventeen years of age * * * who violates any penal law of this State. * * *"

Article 1084, provides that, if an indictment does not show that the accused is within the juvenile age, the facts may be shown by affidavit.

Article 1085 of the Code of Criminal Procedure reads:

"Art. 1085. *Information and Complaint.* A proceeding against a delinquent child may be begun by an information based upon a sworn complaint, each of which shall state in general terms that the acts alleged constitute such child a delinquent child, and shall conform in other respects to the rules governing prosecutions for misdemeanors begun by information and complaint. Any proceeding so begun which states upon the face of the information that the age of the child is under seventeen in the case of males and under eighteen years in the case of females shall not be regarded as charging said child with a felony or a misdemeanor but as a delinquent child, although such acts alleged would otherwise charge a felony or a misdemeanor. If such pleading does not allege the age of the accused, then the accused, his or her parent, guardian, attorney or next friend, may make and file an affidavit at any time before announcement of ready setting up the age of the accused, and on proof that such age is within the juvenile limits, the case shall be transferred to the juvenile docket, or, if the court is not a juvenile court to the proper juvenile court, entered on the juvenile docket and proceeded with against the accused as a delinquent child upon the same information and complaint."

Article 1088 of the Code of Criminal Procedure reads:

"Art. 1088. *Taken before Court.* When any male child under seventeen years of age, or female child under eighteen years of age, is arrested on any charge, with or without warrant, such child instead of being taken before a justice of the peace or any police court, shall be taken directly before the county or district court; or, if the child should be taken before a justice or corporation court upon a complaint sworn out in such court, or for any other reason, such justice or judge shall transfer the case to said county or district court. In any such case the court may hear and dispose of the case as if such child had been brought before the court upon information."

The affidavit of the father of relator, prepared and filed as explained above, does not constitute such a prosecution pending against him as to entitle him to a speedy trial, as guaranteed by the Constitution of Texas. Under the most favorable construction, article 1088 of the Code of Criminal Procedure recognizes a complaint alone as being sufficient to initiate such a proceeding when the affidavit is filed before a justice of the peace or corporation court and is transferred to the county court or the district court. It is only when the prosecution has its origin upon a complaint in the justice court that the last sentence of the article provides that the case shall then be heard and disposed of as if the person had been brought before the court upon information. The affidavit here involved was not filed in the justice court, but the county court. The exception does not apply. Moreover, the filing of the affidavit under the circumstances under which it was filed did not make it a case pending or a criminal prosecution. The affidavit was not a complaint, initiating a criminal prosecution against relator. It was only a private act of the father and the attorneys of relator. There is no "case," "cause," or "criminal prosecution," by virtue of the affidavit, now pending in the

county court that this court could by its writ of mandamus compel the county court to hear and determine.

Accordingly, the writ of mandamus, as prayed, is denied.